### KELLER v. LOYLESS.

(Circuit Court of Appeals, Second Circuit. May 12, 1913.)

No. 220.

1. LIBEL AND SLANDER (§ 6*)—WORDS LIBELOUS PER SE.

A publication criticising a prior publication by plaintiff in a trade journal, and charging plaintiff with being a traducer of the bottling trade traveling man, and desiring to eliminate him from the trade, but charging plaintiff with no offense, act of immorality, etc., was not libelous per se.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 3–16; Dec. Dig. § 6.*]

2. LIBEL AND SLANDER (§ 89*)—WORDS NOT LIBELOUS PER SE—SPECIAL DAMAGES.

Where an alleged publication was not libelous per se, a complaint failing to specifically charge that plaintiff suffered special damage was insufficient, and properly dismissed.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 213, 214; Dec. Dig. § 89.*]

In Error to the District Court of the United States for the Southern District of New York.

Action by William B. Keller against Donald A. Loyless for publishing an alleged libelous article of and concerning plaintiff. The

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

article was published on April 5, 1908, in a trade journal known as the "Southern Carbonator and Bottler," and was as follows:

### "Selling Goods to Bottlers.

"In its March issue, the National Bottlers' Gazette of New York perpetrated a characteristic editorial ghost dance under the above heading, running amuck with its crazy snickersnee whetted keen for the poor traveling man.

"In this remarkable aberration, the bellicose crank, who slings muck for ink in his self-appointed and highly imaginary job of running the business of every manufacturer, supply dealer, bottler and bottling trade journal in the United States of America, cooly eliminates the knight of the grip from the equation of selling in the commercial carbonating world, reducing the business to that of a mere mail order house. He gives the faithful, order-getting road man his walking papers, with a sneer at his efficiency and with a slander on his morals and manners, declaring:

" 'The old timers who held back their orders for the coming of some glib salesman—who got him and himself, too, stone blind drunk and had "such fun" together—are fast passing away. A new era has set in. A bottler can't be "half seas" over and do business intelligently.'

"Ye gods! Listen to that! It was not enough to kick the drummer downstairs, but he is branded as a drunkard and roysterer, employing bibulous conviviality as an art to land orders, a good deal as the confidence man works his oily wiles.

"The New York traducer of the bottling trade traveling man will probably be prompt with his little apology in his April issue, but his animus is plain enough, and the fraternity has seen him in his true light.

"Of course, slander aside, there is but one side to the question in so far as it involves advertising and traveling salesmen. The two are co-operative in every sense. Both are good and both are necessary."

### "Acute Botts."

"From Texas 'Grandoldtaxes,' one of the best known traveling representatives in the line, writes that 'the editor of the National Bottlers' Gazette must be suffering from a case of acute botts. Don't think his advertising scheme will work, and he will find the number of traveling men increasing year by year just the same as in the past.' "

The court dismissed the complaint on demurrer, and plaintiff brings error. Affirmed.

The following is the opinion of the trial judge:

Defendant has interposed a demurrer to the separate defense and various partial defenses herein. Upon demurrer the court may search the complaint and determine at the outset whether the article complained of is libelous.

In this case the complaint is drawn upon the theory that the article is libelous per se. The language used is certainly not to be commended, but as I read the article it does not affect the reputation of the plaintiff. See Cohen v. New York Times Co. (Sup.) 138 N. Y. Supp. 206, for a recent and interesting discussion on the law of libel. Any one reading this article would see at a glance that it is merely a discussion of the question as to whether traveling men are desirable in the bottling trade.

It is far-fetched to say that the article means that the plaintiff is demented, or is suffering from a loathsome disease, or is guilty of a crime or a tort. This article, of course, must be read as a whole, and in connection with the article in the plaintiff's paper which provoked it. The expression, "The New York traducer of the bottling trade traveling man," is nothing more than a statement that the plaintiff's opinion and description of "the bottling trade traveling man" is unfair. It may be remarked in passing that slander is not a crime, as asserted by plaintiff, and that it is not a tort as against a general class.

For the reasons briefly outlined, I am of the opinion that the article is not libelous per se, and for that reason the complaint must be dismissed. No costs.

Katz & Sommerich, of New York City (Otto C. Sommerich and L. E. Schlechter, both of New York City, of counsel), for plaintiff in error.

Ivins, Wolff & Hoguet, of New York City (W. M. Ivins, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. [1, 2] As the articles complained of are not libelous per se, and as a demand to recover special damages for defamatory words not libelous per se is not sufficiently set forth, the complaint was properly dismissed. Judge Mayer's opinion fully covers the subject.

The judgment of the District Court is affirmed.